76,998-02

Paul R. Desilets
T.D.C.J.# 1581093
7405 Hwy 75 S
Huntsville Texas 77344
Goree Unit
August 17 2015

Abel Acosta, Clerk
Court of Criminal Appeals
P.O. Box 12308
Capitol Station
Austin Texas 78711

RE: CAUSE NO. 08-12-11262-CR I,II, Paul R. Desilets v. The State of Texas

Dear Abel Acosta,

Please find enclosed Applicant's Objection To Clerk's Record Prepared In The Above Writ Absent The Trial Court's File Transcripts For The Habeas Corpus Proceeding.
Could you please file this in the above proceeding and bring it to the Court's Attention.

Thank You for your assistance in this matter

Respectfully Submitted
Paul R. Desilets

RECEIVED IN
COURT OF CRIMINAL APPEALS

AUG 31 2015

Abel Acosta, Clerk

CAUSE NO. 08-12-11262-CR, I, II,

PAUL R. DESILETS                    §        IN THE DISTRICT FOR

                                    §

V.                                  §        THE 359th JUDICIAL DISTRICT

                                    §

THE STATE OF TEXAS                  §        MONTGOMERY COUNTY TEXAS


OBJECTION TO CLERK'S RECORD PREPARED IN THE ABOVE WRIT
ABSENT THE TRIAL COURT'S FILE TRANSCRIPT FOR THE
HABEAS CORPUS PROCEEDING

TO THE HONORABLE JUDGE OF THE 359th DISTRICT COURT OF MONTGOMERY COUNTY, TEXAS, AND THE JUSTICES OF THE HONORABLE COURT OF CRIMINAL APPEALS:

**NOW COMES,** Paul R. Desilets, Applicant in the above styled and numbered cause in post-conviction habeas corpus, pursuant to Article 11.07 of the Texas Code of Criminal Procedure, and files this his Objection To Clerk's Record Prepared In The Above Writ Absent The Trial Court's File Transcript For This habeas proceeding, under 33.1 of the Rules of Appellate Procedure.

In support of this Objection Applicant would show the Court the following:


I.      HISTORY

On October 6, 2014, Applicant filed his application for writ of habeas corpus under Art. 11.07, alleging seventeen grounds for relief. On July 6, 2015, the State filed its third answer with its finding of facts and conclusion of law, unsigned by a Judge. On August 5, 2015, the Montgomery County district clerk filed the clerk's record to the Court of Criminal Appeals in the above habeas proceeding, listing 41 documents at a total of 495 pages. the clerk however failed to include the Clerk's file and transcripts.

1.

II.     OBJECTION TO CLERK'S RECORD FILED WITHOUT INCLUDING
THE CLERK"S FILE TRANSCRIPTS
IN ACCORDANCE WITH ARTICLE 11.07 § 3 (d).

Under statute governing procedure for habeas corpus application challenging felony convictions in non-death penalty cases, the clerk of district Court has a ministerial duty to receive, file, and timely forward application for writ of habeas corpus to Court of Criminal Appeals.

The Texas Code of Criminal Procedure Article 11.07 § 3(d) states in part; After the convicting Court makes finding of facts or approves the finding of the person designated to make them, the clerk of the convicting Court must immediately transmit to the Court of Criminal Appeals, under one cover, the application, any answers filed, any motions filed, transcripts of all depositions and hearings (in the habeas procedings), any affidavits, and any other matters such as official records used by the Court in resolving issues of fact. Tex. Code Crim. Procd. Ann. Art. 11.07 § 3(d)(vernon supp 2001).

Applicant focuses in § 3(d), it states;"And any other matters such as official records used by the Court in resolving issues of fact." Thus, in the States designation of issues filed on Nov. 20, 2014, (see clerks record no. 20, pg. 379-383) its clear that the State used the trial transcripts (record) in resolving issues of fact. "Having considered the application for writ of habeas corpus and the Court's file for the above-capitoned case, the Court finds that the following issues of fact should be resolved; 1. Was the applicant denied the effective assistance of counsel at trial.

This designation of issues was signed by Judge Hamilton on Nov. 26, 2014. Applicant therefore Objects to the fact the transcripts contained in the clerk's file were not sent to the Court of Criminal Appeals in the clerk's record. Obviously the State relied on the transcript in the clerk's file to resolve issues of fact within the habeas proceeding. Applicant would request that the complete trial record be forwarded immediately to the Court of Criminal Appeals.

Applicant would also inform the Court that in his trial he had two court reporters who presided over the trial. This infomation would be important in obtaining a complete copy of the trial record and Clerks file for the Court of Criminal Appeals. Ms. Nancy Elerby and Ms. Darlene Forville were the Court reporters in the above cause, which included 13 volumes.

2.

III.    CONCLUSION AND PRAYER

Applicant requests the Court having considered the error in the clerk's record and ministerial duties, Orders the clerk to forward the trial record contained in the clerk's file to the Court of Criminal Appeals so not to prejudice Applicant in the habeas proceedings.

IV.    PRAYER

Wherefore, premises Considered, Applicant, Paul R. Desilets, Prays the Court Orders the Trial Court Record contained in the Clerk's File, forwarded to the Court of Criminal Appeals as an amendment to the clerk's record in the above habeas proceeding.

Respectfully Submitted
Paul R. Desilets-Applicant

INMATE DECLARATION

I, Paul R. Desilets, being presently incarcerated in the Goree Unit of the T.D.C.J., declare under penalty of purjury pursuant to 28 U.S.C. § 1746, that the facts in this Objection are true and correct.

CERTIFICATE OF SERVICE

I, Paul R. Desilets, being presently incarcerated in Walker County, Texas and under penalty of purjury pursuant to 28 U.S.C. § 1746, do hereby affirm that I have delivered a copy of this Objection to the prison mailroom officials for delivery to the following;

Executed on this the 17 day of August, 2015

Respectfully Submitted
Paul R. Desilets

Barbra Gladden Adamick
District Clerk
301 N. Main St.
P.O. Box 2985
Conroe Texas 77305

Abel Acosta, Clerk
Court of Criminal Appeals
P.O. Box 12308
Capitol Station
Austin Texas 78711

3.